## Voegler v. Klingensmith Company et al., Appellant.

*Judgments—Opening—Oath against oath—Discretion of court.*

The court does not abuse its discretion in refusing to open a judgment, where the testimony material to the rights of the parties, amounts to no more than an oath against an oath.

Under such circumstance, the order refusing to open the judgment will be affirmed.

Argued April 21, 1926. Appeal No. 110, April T., 1926, by J. L. Klingensmith, from decree of C. P. Westmoreland County, August T., 1924, No. 294, in the case of John Voegler v. B. B. Klingensmith Company, E. M. Chinnock, Mgr., J. L. Klingensmith. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP, and CUNNINGHAM, J.J. Affirmed.

Petition to open a judgment. Before WHITTEN, J.

The facts are stated in the opinion of the Superior Court.

The court dismissed the petition. J. L. Klingensmith appealed.

*Errors assigned* were the opinion and decree of the court.

*L. S. Roberts,* and with him *S. W. Bierer,* for appellant.

*H. H. Dinsmore,* for appellee.

PER CURIAM, April 30, 1926:

The judgment in this case was entered by confession, under a warrant of attorney contained in a note. The appellant moved to open the judgment, alleging that his signature had been procured by misrepresentation. The plaintiff filed an answer specifically denying all the material allegations of fact contained in the petition of the appellant. Depositions were taken by the parties in support of their respective contentions. The testimony on the facts material to the rights of the parties, practically amounted to no more than oath against oath. This being the case we would not be warranted in holding that the court below was guilty of an abuse of discretion in refusing to open the judgment.

The order is affirmed and the appeal dismissed.